TATE, Justice
(concurring).
The scholarly majority opinion correctly finds that the relationship between Heebe and Wolf was not that of principal-contractor, so as to constitute Heebe a statutory employer liable in compensation under La.R.S. 23:1061.
I therefore do not find it appropriate to dispose of, as dicta, the alternative second contention that, in any event, La.R.S. 23:1061 was not intended to prevent injured employees of a contractor from recovering in tort against a negligent principal. The intent of this statutory provision was simply to afford an injured employee an alternative remedy in compensation against a principal, who is entitled to indemnification from the true employer of the injured workman. When in fact the true employer is responsible in compensation and is solvent and insured, then the principal has no compensation liability and he is not entitled to rely upon the compensation act (designed to protect the employee, not a third person tort feasor) as exempting him from liability under the exclusive-remedy provision of the compensation act, La.R.S. 23:1032. See the excellent concurring opinion of Judge Lemmon in Broussard v. Heebe’s Bakery, Inc., 254 So.2d 284, at 288 (La.App.1971).
An erroneous prior judge-made interpretation of legislation is always subject to judicial correction. Since judges made the mistake, they can correct it. The traditional duty of the judge in a civil-law jurisdiction such as Louisiana is to be bound by the legislative intent and the legislation itself, not by any erroneous precedent enunciated by the former or present judges of the court. See Techniques of Judicial Interpretation in Louisiana, 22 La.L.Rev. 727, esp. 743-16 (1962).
However, since in fact Heebe is not a principal, it is unnecessary for us to decide *578 this issue in the present proceeding. I therefore concur in the majority opinion insofar as its scholarly discussion in support of the holding that no principal-contractor relationship exists under . the present facts between Wolf and Heebe.